CITY OF

# PORTLAND, OREGON

OFFICE OF CITY ATTORNEY

**Linda Meng, City Attorney**
1221 S.W. 4th Avenue, Suite 430
Portland, Oregon 97204
Telephone: (503) 823-4047
Fax No.: (503) 823-3089

March 16, 2009



RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 18 2009

FILED _____
DOCKETED _____
              DATE         INITIAL

Clerk of the Court
United States Court of Appeals for the Ninth Circuit
PO Box 193939
San Francisco, CA 94119-3939

      Re:    <u>Kay Williford v. City of Portland, et al.</u>
             9th Circuit Court of Appeals
             US Court of Appeals Docket No. 07-36010

Dear Clerk:

      In accordance with FRAP 28(j), Defendant-Appellees City of Portland and Officer Klundt advise the Court of a case that has come to our attention that overruled a case cited in the City's brief. On page 17 of the Brief for Appellees City of Portland and Officer Klundt, the citation to *Lawson v. Coos County School Dist.*, 94 Or. App. 387, 765 P.2d 829 (1988), has been abrogated by the Oregon Supreme Court in *Baker v. City of Lakeside*, 343 Or. 70, 164 P.3d 259 (2007). We apologize for this inadvertent mistake.

      While the City believes that the *Baker* decision does not change the analysis in the City's brief regarding the application of ORS 30.275(9) to the case at hand, nor did the Plaintiff-Appellant raise any issue regarding the applicability of ORS 30.275(9), we still feel it necessary to advise the Court and the parties.

      The decision by the Oregon Supreme Court in *Baker* is distinguishable from the present case because, like the *Lawson* case cited in our brief, the case concerned the application of a tolling provision similar to ORS 12.160[1], rather than the saving statute in ORS 12.220 relied on by the Plaintiff. The Court determined that the ORS 12.160 and 12.020(2) tolling provisions applied to cases filed under the ("OTCA") and were not excepted in ORS 30.275(9), because they are not limitations on the commencement of an action.

_____

[1] ORS 12.020(2) in *Baker* was based on the applicability of a relation-back provision to claims under the Oregon Tort Claims Act ("OTCA").

Clerk of the Court
March 16, 2009
Page 2


Conversely, the savings provision in ORS 12.220 is a provision that squarely fits within the exception provided in ORS 30.275(9) and is inapplicable to cases under the OTCA because it is "a provision of ORS Chapter 12 providing a limitation on the commencement of an action". That is, plaintiff must meet the requirements and time limits of ORS 12.220 in order to avoid having a claim be time barred.

In short, we do not feel that the decision in *Baker* changes the analysis of the applicability of ORS 30.275(9) nor was the issue of the application of ORS 30.275(9) raised. However, we felt it necessary to bring it to the Court's attention and to apologize for the mistake.

Very truly yours,

Kenneth A. McGair
Deputy City Attorney

KAM:plk

c.      Mr. David N. Blankfeld, Multnomah County Counsel
        Mr. James E. Leuenberger

G:\Torts\Williford.KAM\28j letter.doc